# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **ALBERT VARGAS MOLINA**<br>SSN xxx-xx-4555<br><br>Debtor(s) | CASE NO: **18-05788-ESL**<br><br>Chapter 13 |

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **10/02/2018**

Days From Petition Date: **43**

910 Days Before Petition: **04/05/2016**

Chapter 13 Plan Date: **10/02/2018** ☐ Amended

This is Debtor(s) 1 Bankruptcy petition.

Payment(s) ☐ Received or ☐ Evidence shown at meeting:

Check/MO# _____

Date: _____    Amount: $ _____

First Meeting Date: **11/14/2018 at 8:00AM**

341 Meeting Date: **11/14/2018 at 8:00AM**

Confirmation Hearing Date: **12/07/2018 at 11:00AM**

Plan Base: **$12,300.00**   Plan Docket #**4**

This is the 1 scheduled meeting.

Total Paid In: **$205.00**

---

*APPEREANCES:   ☐ Telephone      ☐ Video Conference

Debtor: ☒ Present ☐ Absent ☒ ID & Soc. OK        Joint Debtor: ☐ Present ☐ Absent    ☐ ID & Soc. OK

☒ Examined    ☐ Not Examined under Oath        ☐ Examined    ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present  ☒ Present

Name of Attorney Present (Other than Attorney of Record): _____

☐ Pro-se

☐ Creditor(s) Present       ☒ None

_____

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$3,000.00**    Paid Pre-Petition: **$127.00**    Outstanding (Through the Plan): **$2,873.00**

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months   ☒ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: $ TBD

☐ The Trustee cannot determine debtor's/s' commitment period at this time.

Liquidation Value: $ 1238.00     Estimated Priority Debt: $ 2554.00

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately ($1,316.00

| The Trustee: | ☐ NOT OBJECTS | ☑ OBJECTS | Plan Confirmation | Gen. Uns. Approx. Dist.: 14 % |

| §341 Meeting | ☐ CONTINUED | ☐ NOT HELD | ☑ CLOSED | ☐ HELD OPEN FOR ____ DAYS |

§341 Meeting Rescheduled for:_____

Comments:
_____

---

**\*CREDITOR(S) ORAL OBJECTIONS [LBR 3015-2 (c)(4)]**
-No objections

---

**\*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6)** The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(8)] DSO Payment Default – Debtor(s) is in default with post-petition DSO payments.

- Debtor must submit evidence of post-petition DSO payments. The last is from October 2018.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Fails to disclose income.
- Unreasonable or unwarranted expenses.

Debtor has failed to include Christmas Bonus in Schedule I.

There appears to be a discrepancy in debtor's wife income in the Meant Test. It appears the debtor listed the net income instead of the gross. However, he will amend the Mean Test and list all his wife's deduction. The case might not have PDI.

- Trustee objects the inclusion of AEELA in line 33 of the Mean Test. Per the provision in plan, debtor will not continue making

---

**\*OTHER COMMENTS / OBJECTIONS**

- Debtor must upload the prenuptial agreement with wife (Linette Perez).
- Debtor must amend the SOFA to list sale of a 2006 Suzuki motorcycle.

---

/s/ Jose R. Carrion, Esq.            Meeting Date: Nov 14, 2018
    Trustee

/s/ Mayra Arguelles, Esq., Presiding Officer

---

Last Docket Verified: 8    Last Claim Verified: 2