# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **ALBERT VARGAS MOLINA**
SSN xxx-xx-4555

Debtor(s)

CASE NO: **18-05788-ESL**

**Chapter 13**

- AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO***

Total Agreed: **$3,000.00**   Paid Pre-Petition: **$127.00**   Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months  ☒ Above Median Income 60 months §1325(b)(1)(B)
Projected Disposable Income: **$52,253.40**

Liquidation Value: **$1,238.00**   Estimated Priority Debt: **$2,631.48**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the Proposed "PCM": Dated **9/22/2020**  (Dkt **36**)   Plan Base: **$15052.00**

<u>The Trustee:</u>  ☐ **DOES NOT OBJECT**  ☒ **OBJECTS**  Plan Confirmation   Gen. Uns. Approx. Dist.: **49%**

The Trustee objects to confirmation for the following reasons:

**[1325(a)(6)] Insufficiently Funded** – Plan funding insufficient to comply with Above Median Income Debtor(s) Projected Disposable Income. [1325(b)(4)]

Debtor is requesting to be excused from having to pay the determined PDI. The Trustee does not object. Debtor has submitted evidence to support his allegation of his wife's income being reduced considerably. Taking into account their actual income there would not be any projected disposable income.
In order eliminate the insufficiency finding, however, an order excusing debtor from the payment of the PDI must be entered.

**[1325(a)(8)] DSO Payment Default** – Debtor(s) is in default with post-petition DSO payments.

Debtor has failed to submit evidence of being current with his DSO (2 accounts). Debtor must submit evidence of being current with such obligation until plan confirmation.

Debtor is current with one of the 2 Domestic Support Obligations. The one owed to Mrs. Vega, as of October 1, 2020, was not up to date. Debtor reported being $1,094.70 in arrears. Debtor got a repayment plan of $150.00 a month starting on October 2020- May 2021.
Debtor must continue to submit evidence of being current with such obligations until the approval of this plan.

*OTHER COMMENTS / OBJECTIONS

NONE.

**NOTICE**
**14 day notice:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days

pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: March 15, 2021

/s/ Nannette Godreau, Esq.

Last Docket Verified: 49   Last Claim Verified: 6   CMC: RC