UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| **ALBERT VARGAS MOLINA** | **CASE NO. 18-05788-ESL** |
| XXX-XX-4555 | **CHAPTER 13** |
| **DEBTOR (S)** | |

**TRUSTEE'S MOTION REQUESTING ENTRY OF ORDER TO INFORM**

TO THE HONORABLE COURT:

COMES NOW Chapter 13 Trustee, José R. Carrión, through the undersigned attorney, and very respectfully states and prays as follows:

1. Per Schedule I of the Bankruptcy Petition, Debtor 1 is employed by: DEPARTAMENTO DE LA FAMILIA.

2. It was recently announced that a series of government employees will be receiving a special bonus between $2,954.00 and $11,360.00. As explained below, this bonus constitutes property of the estate and disposable income.

3. Section 1306 of the bankruptcy code provides for the inclusion of post-petition acquired assets to the bankruptcy estate. To that effect, such section states as follows:

"(a) Property of the estate includes, in addition to the property specified in Section 541 of this title -

>  (1) All property of the kind specified in such section that debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
>  (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

4. Post-petition assets are part of a Chapter 13 bankruptcy estate because they: (a) guarantee the feasibility of a plan; and (b) increase distribution in the event that a debtor's income and assets increase during the bankruptcy. See, William Houston Brown, Lawrence R. Ahern III, Nancy Fraas MacLean, Bankruptcy Exemption Manual (West, 2016 Edition) at page 17 ("Essentially, these sections include the debtor's post-petition income and acquisitions in order to assure that the debtor will be able to fund a plan under those chapters. In other words, feasibility of the plan will depend upon the use of income and property acquired post petition."). See also, Carroll v. Logan, 735 F. 3d at 151, when addressing

the inclusion of post-petition assets in the estate ("…The repayment plan remains subject to modification for reasons including a debtor's decreased ability to pay according to plan, as well as the debtor's increased ability to pay. See 11 U.S.C. §1329. As we have stated before, '[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth.'" citing In re Arnold, 869 F. 2d 240, 243 (4th Cir. 1989).

5. Furthermore, per Section 1325(b) of the bankruptcy code, all amounts not needed for the maintenance and support of the Debtor(s) and their dependents must be submitted for distribution to creditors.

6. In light of the above, the Trustee requests that this Honorable Court Order Debtor(s) to inform: (a) whether they have received the abovementioned bonus and the amount received; and (b) when they would be submitting the same to fund the plan. This information is necessary to confirm good faith in this bankruptcy proceedings and whether all disposable income is being submitted for the payment of creditors.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court to take notice of the aforesaid and order Debtor(s) to, within 14 days, inform: (a) whether they have received the above mentioned bonus and the amount received; and (b) when they would be submitting the same to fund the plan.

**RESPECTFULLY SUBMITTED**

**14 DAYS NOTICE:** The Debtor(s) is hereby notified that unless an opposition to this objection is submitted in writing within 14 days from the date appearing in the certificate of service, infra, the Court may grant this motion without the need of an actual hearing.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served on the same date of this motion to: the DEBTOR(s) via regular mail, to his address of record, and her/his/their attorney, via regular mail if not a ECFS registered user, and to all Creditors and Parties in Interest, who has filed a Notice of Appearance or requested to receive notices regarding the present case, to their respective address of record.

In San Juan, Puerto Rico on Wednesday, December 14, 2022.

/s/ Jose R. Carrion

JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902
Tel (787)977-3535

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

**ALBERT VARGAS MOLINA**

XXX-XX-4555

**DEBTOR (S)**

CASE NO. 18-05788-ESL

CHAPTER 13

**TRUSTEE'S MOTION REQUESTING ENTRY OF ORDER TO INFORM**

TO THE HONORABLE COURT:

COMES NOW Chapter 13 Trustee, José R. Carrión, through the undersigned attorney, and very respectfully states and prays as follows:

1. Per Schedule I of the Bankruptcy Petition, Debtor 1 is employed by: CORPORACION FONDO DEL SEGURO.

2. It was recently announced that a series of government employees will be receiving a special bonus between $2,954.00 and $11,360.00. As explained below, this bonus constitutes property of the estate and disposable income.

3. Section 1306 of the bankruptcy code provides for the inclusion of post-petition acquired assets to the bankruptcy estate. To that effect, such section states as follows:

"(a) Property of the estate includes, in addition to the property specified in Section 541 of this title -

(1) All property of the kind specified in such section that debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

4. Post-petition assets are part of a Chapter 13 bankruptcy estate because they: (a) guarantee the feasibility of a plan; and (b) increase distribution in the event that a debtor's income and assets increase during the bankruptcy. See, William Houston Brown, Lawrence R. Ahern III, Nancy Fraas MacLean, Bankruptcy Exemption Manual (West, 2016 Edition) at page 17 ("Essentially, these sections include the debtor's post-petition income and acquisitions in order to assure that the debtor will be able to fund a plan under those chapters. In other words, feasibility of the plan will depend upon the use of income and property acquired post petition."). See also, Carroll v. Logan, 735 F. 3d at 151, when addressing

the inclusion of post-petition assets in the estate ("…The repayment plan remains subject to modification for reasons including a debtor's decreased ability to pay according to plan, as well as the debtor's increased ability to pay. See 11 U.S.C. §1329. As we have stated before, '[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth.'" citing In re Arnold, 869 F. 2d 240, 243 (4th Cir. 1989).

5. Furthermore, per Section 1325(b) of the bankruptcy code, all amounts not needed for the maintenance and support of the Debtor(s) and their dependents must be submitted for distribution to creditors.

6. In light of the above, the Trustee requests that this Honorable Court Order Debtor(s) to inform: (a) whether they have received the abovementioned bonus and the amount received; and (b) when they would be submitting the same to fund the plan. This information is necessary to confirm good faith in this bankruptcy proceedings and whether all disposable income is being submitted for the payment of creditors.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court to take notice of the aforesaid and order Debtor(s) to, within 14 days, inform: (a) whether they have received the above mentioned bonus and the amount received; and (b) when they would be submitting the same to fund the plan.

**RESPECTFULLY SUBMITTED**

**14 DAYS NOTICE:** The Debtor(s) is hereby notified that unless an opposition to this objection is submitted in writing within 14 days from the date appearing in the certificate of service, infra, the Court may grant this motion without the need of an actual hearing.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served on the same date of this motion to: the DEBTOR(s) via regular mail, to his address of record, and her/his/their attorney, via regular mail if not a ECFS registered user, and to all Creditors and Parties in Interest, who has filed a Notice of Appearance or requested to receive notices regarding the present case, to their respective address of record.

In San Juan, Puerto Rico on Wednesday, December 14, 2022.

/s/ Jose R. Carrion

JOSE R. CARRION
CHAPTER 13 TRUSTEE
PO Box 9023884, San Juan, PR 00902
Tel (787)977-3535